NO. 07-05-0152-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 12, 2006

_____

VICTOR ALFONSO NORDIN,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 174TH DISTRICT COURT OF HARRIS COUNTY;

NO. 987,352; HON. GEORGE H. GODWIN, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

Victor Alfonso Nordin (appellant) appeals his conviction for aggravated assault. The victim and primary witness against him was his wife. At trial, she testified that she and appellant quarreled about her moving from their house to a nearby trailer. Appellant directed her to move so that he could live in the house with his girlfriend (who previously lived in the trailer). During the argument, according to his wife, appellant "grabbed her by the hair," dragged her from the house, drew what she thought to be a gun (though she did

not see it), placed the object next to her head, pulled the trigger once only to have the weapon misfire, and pulled the trigger again. Appellant's wife heard the gun "click" the first time the trigger was pulled. The second time it was pulled, however, she heard a report sufficiently loud to make her ears ring. At that point, appellant stated that she was "lucky the first one didn't go off because [he] was aiming at [her] head." After the jury heard this testimony and convicted appellant, the victim executed an affidavit wherein she stated that aspects of her trial testimony were "false." Allegedly, appellant had no gun and did not threaten her with one, she uttered therein. This attestation became the substance of appellant's motion for new trial, which the trial court overruled. This appeal concerns the decision to overrule the motion. Appellant contends that the trial court erred in doing so given the newly available evidence of recantation. We overrule the issue and affirm the judgment.

While the recantation of material testimony may warrant a new trial, *see Keeter v. State*, 74 S.W.3d 31, 37-38 (Tex. Crim. App. 2002) (stating that a new trial should be granted under those circumstances), there are exceptions to this rule. One such exception arises when the record provides the trial court "some basis for disbelieving the testimony" of the recanting witness. *Id.* at 38. Moreover, such evidence may consist, for instance, of pressure from family members, or indication that part of the recantation testimony itself was false. *Id.* at 38-39. And, if such evidence exists, the trial court does not abuse its discretion in denying a new trial.

Here, the record contains evidence depicting the victim as someone susceptible to manipulation; after all, appellant convinced her to allow him to have and live with a

2

girlfriend while the two were still married. Other evidence illustrates that appellant's father informed her (before trial) that she "better drop the charges or he was going to bring hell down on" her. Appellant himself also directed the victim (pretrial) to "change [her] statement and say that [she] was drugged up . . . ." Other record excerpts indicate that she once modified, before trial, her version of what actually occurred because she was "scared."

Nor can we ignore the difference between the contents of the victim's post-trial affidavit and her testimony at the hearing on appellant's motion for new trial. In the former, she uttered that appellant had no gun and did not threaten her with one. Yet, at the hearing, the victim said that she did not know if he had a gun and could not "recall." Her lacking the ability to "recall" what occurred is quite different than knowing he had no gun and never threatened her with it. And, given the difference between her comments, it can be said that the victim cast the credibility of her recantation into doubt.

Simply put, the record provides some basis to disbelieve the victim's recantation. Thus, the trial court did not abuse its discretion in denying appellant a new trial.

The judgment is affirmed.

Brian Quinn
Chief Justice

Do not publish.